# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER KIRCHNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BITER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00516-AWI-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT PEREZ SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 23)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Kristopher Kirchner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint for Fourteenth Amendment due process claims against Defendants Henderson, Harden, Diaz, and Perez arising from Plaintiff's disciplinary proceedings.

　　　　On December 16, 2020, the Court issued an order directing service on Defendants Henderson, Harden, Diaz, and Perez in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 23.) The order included the following information regarding Defendant Perez: "Investigative Employee J. Perez; KVSP; approximately March to June 2014." (Id. at 2.) The same date, the Court received information that there was not enough information to identify Defendant J. Perez.

///

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically serve Defendant Perez with the information that Plaintiff provided. However, the Marshal was informed by the Litigation Coordinator at Kern Valley State Prison that there was not enough information to identify and locate Defendant Perez for service of process. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Perez shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Perez should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying Defendant Perez for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant J. Perez should not be dismissed from this action; and

2. **The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Perez from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)**.

IT IS SO ORDERED.

Dated:   **December 28, 2020**                    /s/ *Barbara A. McAuliffe*
                                                                              UNITED STATES MAGISTRATE JUDGE