1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11  KRISTOPHER KIRCHNER,

12          Plaintiff,

13      v.

14  BITER, *et al.*,

15          Defendants.

16

Case No.  1:18-cv-00516-AWI-BAM (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT PEREZ WITHOUT PREJUDICE FOR FAILURE TO SERVE

**FOURTEEN (14) DAY DEADLINE**

17          Plaintiff Kristopher Kirchner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint for Fourteenth Amendment due process claims against Defendants Henderson, Harden, Diaz, and Perez arising from Plaintiff's disciplinary proceedings.

21      **I.      Service by the United States Marshal**

22          On December 16, 2020, the Court issued an order directing service on Defendants Henderson, Harden, Diaz, and Perez in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 23.)  The order included the following information regarding Defendant Perez: "Investigative Employee J Perez; KVSP; approximately March to June 2014."  (Id. at 2.)  The same date, the Court received information that there was not enough information to identify Defendant J. Perez.

28  ///

1

On December 28, 2020, the Court issued an order requiring Plaintiff to show cause, within thirty days of service of that order, why Defendant Perez should not be dismissed from this action.  (ECF No. 27.)  In that order, Plaintiff was warned that the failure to respond or failure to show cause would result in the dismissal of Defendant Perez from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (Id. at 3.)  Plaintiff has not filed a response, and the deadline to do so has expired.

## II.        Legal Standard

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate.  Walker, 14 F.3d at 1421–22.

## III.      Discussion

The Marshal attempted to serve Defendant J. Perez pursuant to the E-Service pilot program with the information that Plaintiff provided.  However, the Court was informed that the

information provided was not sufficient to identify Defendant J. Perez for service of process.

Plaintiff was afforded an opportunity to provide further information to locate Defendant Perez, and did not respond.  As the Marshal has already attempted to serve Defendant Perez with the information provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Perez for service of process.

**IV.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant J. Perez be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 17, 2021**                     /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE